FILED
2026 Sep-02 AM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

**TEVIN DARBY,**

**Plaintiff,**

**v.**

**RODERICK GADSON, JR., MONIKA GADSON, JAJUAN HOWARD, TYLER ANDREWS, OFFICER CROONE, and OFFICER FREEMAN,**

**Defendants.**

**CASE NO.: ________________**

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW,** the Plaintiff, Tevin Darby, by and through the undersigned counsel and alleges the following:

## PRELIMINARY STATEMENT

Plaintiff Tevin Darby brings this action pursuant to 42 U.S.C. § 1983 and Alabama law arising from Defendants' unconstitutional and excessive use of force against him while incarcerated at St. Clair Correctional Facility in early September of 2024. What began with correctional officers removing Plaintiff from his housing unit escalated into a violent and unjustified assault after Plaintiff was handcuffed, restrained, and under Defendants' complete control. Despite Plaintiff posing no immediate threat to the safety of Defendants or others, Defendants repeatedly struck

and kicked Plaintiff, including kicking him in the face. The violence continued after Plaintiff was taken to the facility's healthcare unit, where Defendants subjected him to a second assault while he remained restrained in handcuffs and shackles. Defendants' conduct was malicious, sadistic, wholly disproportionate to any legitimate penological need, and in violation of Plaintiff's constitutional rights. As a direct and proximate result of Defendants' actions, Plaintiff suffered substantial physical injuries, emotional distress, humiliation, degradation, and pain and suffering.

## PARTIES

1. **Plaintiff Tevin Darby** ("Plaintiff") is a citizen of the United States, a citizen of the State of Alabama, and is over 19 years of age. At all times relevant hereto, Plaintiff was in the custody of the Alabama Department of Corrections ("ADOC"), being housed at St. Clair Correctional Facility in Springville, Alabama. Plaintiff is currently housed at Limestone Correctional Facility in Harvest, Alabama.

2. **Defendant Roderick Gadson, Jr.** ("Roderick Gadson") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant hereto, Roderick Gadson was employed by the ADOC as a lieutenant at St. Clair Correctional Facility and acted under the color of law.

3. **Defendant Monika Gadson** ("Monika Gadson") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant hereto, Monika Gadson was employed by the ADOC as a lieutenant at St. Clair Correctional Facility and acted under the color of law.
4. **Defendant Jajuan Howard** ("Defendant Howard") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant hereto, Defendant Howard was employed by the ADOC as a sergeant at St. Clair Correctional Facility and acted under the color of law.
5. **Defendant Tyler Andrews** ("Defendant Andrews") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant hereto, Defendant Andrews was employed by the ADOC as a correctional officer at St. Clair Correctional Facility and acted under the color of law.
6. **Defendant Officer Croone** ("Defendant Croone") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant hereto, Defendant Croone was employed by the ADOC as a correctional officer at St. Clair Correctional Facility and acted under the color of law.
7. **Defendant Officer Freeman** ("Defendant Freeman") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age.

At all times relevant hereto, Defendant Freeman was employed by the ADOC as a correctional officer at St. Clair Correctional Facility and acted under the color of law.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1988(a), as this action seeks redress for the violation of Plaintiff's Eighth Amendment rights under the Constitution of the United States, pursuant to 42 U.S.C. § 1983.
9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same case or controversy and are so related to Plaintiff's 42 U.S.C. § 1983 claims.
10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions that give rise to Plaintiff's claims occurred within this Court's judicial district.

## FACTUAL ALLEGATIONS

### I. The First Assault.

11. On or about early September of 2024, Plaintiff was housed at St. Clair Correctional Facility in the Q-2 dormitory.
12. Plaintiff was being housed in a safekeeping dormitory, which housed inmates attempting to avoid trouble.

13. In the days leading up to the incident, Plaintiff had not showered or spoken with others for several days. Plaintiff was suicidal and was yelling for officers to remove him from the dormitory.

14. In response to Plaintiff's requests for assistance, Defendants Andrews and Croone approached Plaintiff and instructed him to get dressed so that he could be removed from the dormitory.

15. Plaintiff complied and walked out of the dormitory.

16. As Plaintiff exited, Defendant Howard approached Plaintiff, placed him in handcuffs, and instructed him to get on the floor.

17. Plaintiff was restrained and under the complete control of the correctional officers.

18. Without justification, Defendant Howard threw Plaintiff to the ground and began striking him with his fists. Defendant Howard then kicked Plaintiff in the face.

19. Defendant Howard directed Defendants Andrews and Croone to join the assault, and Defendants Andrews and Croone complied and began striking Plaintiff while he remained restrained.

20. Defendant Howard also struck Plaintiff across the back with a baton.

21. At no time during the assault was Plaintiff armed or posing a threat to the safety of Defendants or any other person.

22. Following the first assault, Defendants escorted Plaintiff to the medical unit.

## II. The Second Assault.

23. Plaintiff was taken to the medical unit to document the injuries he sustained.

24. Plaintiff was instructed to go to a back room in the medical unit for a body chart to be conducted.

25. Plaintiff was reluctant to enter the back room because he understood that area to be a location where correctional officers assaulted inmates.

26. While Plaintiff was in the back room, Defendants Howard, Andrews, Croone, Freeman, Roderick Gadson, and Monika Gadson were present.

27. Plaintiff was restrained at the hands and ankles and posed no threat of harm to Defendants or any other person.

28. Defendant Howard initiated the second assault by striking Plaintiff while Plaintiff remained restrained.

29. Defendant Roderick Gadson struck Plaintiff in the face, and Defendant Monika Gadson struck Plaintiff across the back.

30. Defendants Andrews, Croone, and Freeman were present for and failed to intervene to stop the unjustified second assault despite having the opportunity to do so.

31. The force used against Plaintiff served no legitimate penological purpose and was applied maliciously and sadistically for the purpose of causing harm.

32. As a direct and proximate result of Defendants' actions and omissions, Plaintiff sustained physical injuries, including injuries to his face and back, pain, bruising and/or contusions, as well as emotional distress, mental anguish, humiliation, and degradation.

## CAUSES OF ACTION

## FEDERAL CLAIMS

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE

33. Plaintiff adopts and re-alleges paragraphs 1-6, 8, and 10-32 of this Complaint as if fully set forth herein.

34. This Count is asserted against Defendants Roderick Gadson, Monika Gadson, Howard, Andrews, and Croone.

35. The Eighth Amendment to the United States Constitution protects incarcerated individuals from cruel and unusual punishment, including the unnecessary and wanton infliction of pain through the use of excessive physical force.

36. During the first assault, Defendant Howard used unnecessary and excessive force against Plaintiff when he threw Plaintiff to the ground, repeatedly struck him with his fists, kicked him in the face, and struck him across the back with a baton while Plaintiff was restrained. During the second assault, Defendant Howard again used unnecessary and excessive force against Plaintiff by striking him while Plaintiff remained restrained in handcuffs and shackles.

37. Defendants Andrews and Croone likewise used unnecessary and excessive force against Plaintiff when they joined Defendant Howard in striking Plaintiff while Plaintiff was restrained and under Defendants' control.

38. Defendants Roderick Gadson and Monika Gadson used unnecessary and excessive force against Plaintiff during the second assault when Roderick Gadson struck Plaintiff in the face and Monika Gadson struck Plaintiff across the back while Plaintiff remained restrained.

39. At all times relevant to Defendants' use of force, Plaintiff was restrained, unarmed, and posed no threat of harm to Defendants or any other person.

40. The force used against Plaintiff was not applied in a good faith effort to maintain or restore discipline but was applied maliciously and sadistically for the very purpose of causing Plaintiff harm.

41. Defendants' use of force served no legitimate penological purpose and constituted the unnecessary and wanton infliction of pain upon Plaintiff.

42. As a direct and proximate result of Defendants' unconstitutional use of force, Plaintiff suffered substantial physical injuries, including injuries to his face and back, pain, bruising and/or contusions, as well as emotional distress, mental anguish, humiliation, and degradation.

**COUNT II: VIOLATION OF 42 U.S.C. § 1983 –
FAILURE TO INTERVENE**

43. Plaintiff adopts and re-alleges paragraphs 1, 5-8, and 23-32 of this Complaint as if fully set forth herein.

44. This Count is asserted against Defendants Andrews, Croone, and Freeman.

45. Correctional officers have a duty to intervene when they witness another correctional officer using excessive force against an inmate and are able to intervene.

46. During the second assault, Defendants Andrews, Croone, and Freeman were present while Defendants Howard, Roderick Gadson, and Monika Gadson used unnecessary and excessive force against Plaintiff.

47. At the time of the assault, Plaintiff was restrained at his hands and ankles, was unarmed, and posed no threat of harm to Defendants or any other person.

48. Defendants Andrews, Croone, and Freeman observed the unjustified use of force against Plaintiff and had the opportunity to intervene to prevent or stop the assault but failed to do so.

49. Defendants Andrews, Croone, and Freeman's failure to intervene permitted the unconstitutional use of force against Plaintiff to continue and demonstrated deliberate indifference to Plaintiff's constitutional rights and physical safety.

50. As a direct and proximate result of Defendants Andrews, Croone, and Freeman's failure to intervene, Plaintiff sustained physical injuries, including injuries to his

face and back, pain, bruising and/or contusions, as well as emotional distress, mental anguish, humiliation, and degradation.

51. Defendants Andrews, Croone, and Freeman's conduct violated Plaintiff's rights under the Eighth Amendment to the United States Constitution.

**COUNT III: VIOLATION OF 42 U.S.C. § 1983 –**
**SUPERVISORY LIABILITY**

52. Plaintiff adopts and re-alleges paragraphs 1-4, 8-29, and 31-32 of this Complaint as if fully set forth herein.

53. This Count is asserted against Defendants Roderick Gadson, Monika Gadson, and Howard.

54. At all times relevant to this action, Defendants Roderick Gadson and Monika Gadson held supervisory positions as Lieutenants at St. Clair Correctional Facility, and Defendant Howard held a supervisory position as a Sergeant.

55. Defendants Roderick Gadson, Monika Gadson, and Howard personally participated in the unconstitutional use of force against Plaintiff.

56. Defendant Howard personally participated in both assaults against Plaintiff and directed and participated in the use of force against Plaintiff during the first assault. Specifically, during the first assault, Defendant Howard threw Plaintiff to the ground, repeatedly struck him with his fists, kicked him in the face, and struck him across the back with a baton while Plaintiff was restrained. During the

second assault, Defendant Howard struck Plaintiff while he remained restrained in handcuffs and shackles.

57. Defendant Roderick Gadson personally participated in the second assault of Plaintiff when he struck him in the face while Plaintiff remained restrained.

58. Defendant Monika Gadson personally participated in the second assault of Plaintiff when she struck him across the back while Plaintiff remained restrained.

59. Despite their supervisory positions and responsibility for the safety and well-being of inmates under their supervision, Defendants Roderick Gadson, Monika Gadson, and Howard personally participated in, facilitated, and failed to stop the unconstitutional use of force against Plaintiff.

60. Defendants' personal participation in the unlawful assaults upon Plaintiff demonstrated deliberate indifference to Plaintiff's constitutional rights, safety, and well-being.

61. As a direct and proximate result of Defendants' actions, Plaintiff sustained physical injuries, including injuries to his face and back, pain, bruising and/or contusions, as well as emotional distress, mental anguish, humiliation, and degradation.

## STATE CLAIMS

## COUNT IV: ASSAULT AND BATTERY

62. Plaintiff adopts and re-alleges paragraphs 1-6, 8-29, and 31-32 of this Complaint as if fully set forth herein.

63. This Count is asserted against Defendants Roderick Gadson, Monika Gadson, Howard, Andrews, and Croone.

64. Defendants intentionally touched Plaintiff in a harmful and offensive manner without legal justification.

65. Defendant Howard assaulted and battered Plaintiff by throwing him to the ground, repeatedly striking him with his fists, kicking him in the face, and striking him across the back with a baton while Plaintiff was restrained. Defendant Howard thereafter assaulted and battered Plaintiff a second time by striking him in the medical unit while Plaintiff remained restrained at his hands and ankles.

66. Defendants Andrews and Croone assaulted and battered Plaintiff by intentionally striking him during the first assault while Plaintiff was restrained and under Defendants' control.

67. Defendants Roderick Gadson and Monika Gadson assaulted and battered Plaintiff during the second assault when Roderick Gadson intentionally struck Plaintiff in the face and Monika Gadson intentionally struck Plaintiff across the back while Plaintiff remained restrained.

68. At no time during either assault was Plaintiff armed or posing a threat of harm to Defendants or any other person.

69. Defendants' intentional physical contact with Plaintiff was harmful, offensive, without legal justification, and constituted assault and battery under the laws of the State of Alabama.

70. Defendants acted intentionally, willfully, maliciously, in bad faith, and for the purpose of causing harm to Plaintiff.

71. As a direct and proximate result of Defendants' assault and battery, Plaintiff sustained physical injuries, including injuries to his face and back, pain, bruising and/or contusions, as well as emotional distress, mental anguish, humiliation, and degradation.

**COUNT V: WANTONNESS**

72. Plaintiff adopts and re-alleges paragraphs 1-32 of this Complaint as if fully set forth herein.

73. This Count is asserted against all Defendants.

74. As alleged above, Defendants consciously and intentionally engaged in acts and omissions with knowledge that injury to Plaintiff would likely or probably result from their conduct.

75. Defendant Howard wantonly threw Plaintiff to the ground, repeatedly struck him with his fists, kicked him in the face, and struck him across the back with a baton

while Plaintiff was restrained. Defendant Howard thereafter participated in a second assault upon Plaintiff while Plaintiff remained restrained at his hands and ankles.

76. Defendants Andrews and Croone wantonly joined Defendant Howard in striking Plaintiff during the first assault despite Plaintiff being restrained and under Defendants' control.

77. Defendants Roderick Gadson and Monika Gadson wantonly struck Plaintiff during the second assault while Plaintiff remained restrained and posed no threat of harm to Defendants or any other person.

78. Defendants Andrews, Croone, and Freeman were present during the second assault, observed the unjustified use of force against Plaintiff, and consciously failed to intervene to prevent or stop the assault despite having the opportunity to do so.

79. In engaging in the foregoing acts and omissions, Defendants acted with conscious and reckless disregard for Plaintiff's rights, safety, and well-being and with knowledge that injury to Plaintiff would likely or probably result.

80. Defendants' conduct was willful, malicious, intentional, and wanton and was undertaken without legal justification.

81. As a direct and proximate result of Defendants' wanton conduct, Plaintiff sustained physical injuries, including injuries to his face and back, pain, bruising

and/or contusions, as well as emotional distress, mental anguish, humiliation, and degradation.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants, both jointly and severally, for the following relief:

a. Compensatory damages, jointly and severally, for emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages in an amount to be determined by a jury;
b. Nominal damages in an amount to be determined by a jury;
c. Punitive damages in an amount to be determined by a jury;
d. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and
e. All other and further monetary and/or equitable relief as this Honorable Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted this 1st day of September 2026.

*/s/ Kristen E. Gochett*
Leroy Maxwell, Jr.
Kristen E. Gochett
*Attorneys for Plaintiff*

**OF COUNSEL:**
**Maxwell, Tillman & Coleman**
1820 3rd Avenue North, Suite 300
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
Email: maxwell@mxlawfirm.com
Email: kgochett@mxlawfirm.com

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AND/OR PRIVATE PROCESS SERVER.**

*/s/ Kristen E. Gochett*
OF COUNSEL